ROGERS, J.
 

 Plaintiff brought this suit to annul, and to cancel from the records, two mortgages bearing upon certain lands owned by him in the parishes of Lafayette and St. Landry, and for the return of the several notes secured by said mortgages.
 

 The petition alleges that at the time plaintiff executed said notes and mortgages in favor of the defendant company he was not in reality indebted to said mortgagee; that he signed said instruments in error, upon the false representations of the agents of the defendant company, and under the belief that the funds called for therein would be at once delivered to him; that, not being indebted to said company nor receiving any consideration for said notes and mortgages, the said instruments are void, and he is entitled to the relief prayed for.
 

 Defendant company, in its answer, did not contend that it loaned plaintiff any money on the mortgage notes, and it offered no objection to return the notes secured by the first mortgage of $35,000. It claimed, however, that it had earned its commission, amounting to $7,315, which it alleged formed a portion of the consideration for the second mortgage of $10,515. A reconventional demand was filed seeking the foreclosure of this second mortgage.
 

 There was judgment on the main demand in favor of plaintiff as prayed for, and the reconventional demand was dismissed. Defendant appealed.
 

 The record shows that plaintiff, who is a resident of the parish of St. Landry, in the month of April, 1916, opened negotiations with the defendant company, with a view of obtaining a loan of money to be secured by mortgage on certain real estate owned by him. These negotiations culminated in a written contract, dated August 22, 1916, and styled, “Application for first mortgage farm loan,” in which plaintiff employed the defendant company as a broker or intermediary to arrange a loan for him to be secured by mortgage on the property described therein. No provision is made in the contract for the payment of any brokerage or compensation to defendant company for the services it agreed to render.
 

 After the execution of this contract, plaintiff delivered to defendant what purported to be an abstract of title of the property. It is defendant’s contention this abstract was so incomplete that it necessitated the employment by him of an experienced abstractor, resulting in a delay in the negotiation of a loan.
 

 Be that as it may, on July 14, 1917, upon the representations of the agents of the defendant company that everything was all right, that it was necessary under its rules, and that the money would be delivered in a few days, plaintiff executed the notes and mortgages which he now seeks to annul. These acts of mortgage were promptly recorded in the records of the parishes in which the mortgaged properties are situated.
 

 . Thereafter plaintiff made frequent calls at the office of the defendant company, at Lafayette, La., in order to obtain, the funds for which he had mortgaged his property. He was invariably told by one of the many representatives placed in charge of defendant’s office, from time to time, that the money would be available “within the next few days.” Plaintiff persisted in these efforts, always with the same assurances on the part of the company’s agents, until some time in November, 1917, when he received a notice
 
 *547
 
 from a bank located outside of the state, that two of the notes had become due, and calling upon him to pay the same. When this occurred, plaintiff, whoso object in securing the loan from defendant was to take up a pre-existing mortgage debt which was to mature on December 31, 1917, paid a further visit to the defendant company’s office at Lafayette and left a written notice with the agent in charge that, unless the funds were received by him before the date of the maturity of his said mortgage debt, he would be convpelled to make other arrangements to protect his interest, in which event he would not have any need for said funds.
 

 Plaintiff never received any money from the defendant company on account of his said notes and mortgages, and as a result, he secured a loan of money elsewhere, made payment on the prior mortgage indebtedness when it became due, and obtained an extension on the reduced indebtedness for a period of one year.
 

 In February, 1918, Mr. F. B. Collins, the president of the defendant company, came to Louisiana, and called on plaintiff at his home for the purpose of completing the loan. Naturally, this visit produced no results. In the following June plaintiff, through his attorney, demanded that the notes be surrendered and the mortgages canceled. After some correspondence, without result, the present suit was instituted.
 

 Defendant contends that plaintiff’s failure to receive the money on the notes and mortgages in time to meet his maturing indebtedness was due to his failure to furnish a sufficient abstract of his property to enable it to effect said loan.
 

 We deem it unnecessary to review the evidence introduced by defendant company for the purpose of showing what efforts it made to complete plaintiff’s abstract of title, although it is quite certain that the abstract of title originally furnished by plaintiff was considered ample for the execution of the prior mortgage of $25,000. But, however that may be, the evidence shows that the defendant company, on or about August 1, 1917, realized the sum of $35,000 by disposing of plaintiff’s mortgage notes. After having received this amount for account of the plaintiff, the question of sufficiency or insufficiency of the abstract became unimportant. The defendant company was not authorized to retain and use plaintiff’s money under the pretext that there were irregularities in the title which required correction.
 

 The district judge was of the opinion that the defendant company had breached its contract of employment as broker, or intermediary, and that the plaintiff was justified in refusing to accept any part of the funds realized on his security in August, 1917, when offered to him in February, 1918, after he had been compelled to make other arrangements to take care of his existing indebtedness, and that, under such circumstances, the defendant company was not entitled to payment of any commission for negotiating the loan. In all of which we' agree.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.